**Mehmet YALTER; Bertha Yalter, Plaintiffs—Appellants,**

v.

**ENDOCARE, INC., a California corporation, Defendant— Appellee,**

and

**I–Med Company, a Turkish corporation, a/k/a Aymed Analitik Medikal Sistemler Ithalat ve Pazarlama, Ltd., Defendant.**

**No. 05–55085.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Decided Feb. 14, 2007.

Mehmet Yalter, Denver, CO, pro se.

* The panel finds unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)

Walter L. Gerash, Esq., James F. Scherer, Esq., Walter L. Gerash Law Firm PC, Denver, CO, for Plaintiffs–Appellants.

Richard D. Newman, Esq., Michael D. McEvoy, Esq., Murchison & Cummings, Santa Ana, CA, Necdet Ay, Istanbul, TR, for Defendant–Appellee.

Before: T.G. NELSON, SILER,** and HAWKINS, Circuit Judges.

### MEMORANDUM ***

Mehmet and Bertha Yalter appeal two aspects of the district court's grant of summary judgment in favor of the defendant. The panel has jurisdiction pursuant to 28 U.S.C. § 1291. The defendant has moved to strike portions of the Yalters' reply brief. For the reasons given below, we deny the defendant's motion to strike as moot, and we affirm the district court's decision.

With respect to the strict liability claim, nothing suggests that Endocare delegated its duty to instruct[1] to Aymed or Mr. Ay. Endocare satisfied its duty to warn or instruct its users by providing clear, written instructions along with the stent.[2] Therefore, we affirm on the first issue.

With respect to the negligence claim, because Aymed did not render the service of instructing doctors on use of the stent device "for a specified recompense ... under [Endocare's] control,"[3] the district court correctly concluded that Aymed was not an independent contractor of Endocare with respect to this task. Aymed was compensated by Endocare for the service of *selling* stent devices to doctors, not for the service of *instructing* doctors on their proper use. Accordingly, Aymed was not acting as Endocare's independent contractor while in the operating room, and the panel must affirm.[4]

DEFENDANT'S MOTION TO STRIKE DENIED AS MOOT; DISTRICT COURT'S DECISION AFFIRMED.

### In re: George PANZER, Jr., Debtor,

(declining to consider an issue raised for the first time in a reply brief). In light of our decision, we need not rule on the defendant's motion to strike portions of the reply brief. We therefore dismiss the defendant's motion as moot.

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The district court characterized the first claim on appeal as a strict liability claim made under a failure to instruct or warn theory. The plaintiffs did not challenge this characterization in their opening brief, and we decline to consider their attempt to do so in their reply brief. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1066 n. 5 (9th Cir.2003)

2. *See Carmichael v. Reitz,* 17 Cal.App.3d 958, 95 Cal.Rptr. 381, 400–02 (1971).

3. CAL. LAB.CODE § 3353.

4. *See Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001).